Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL[1]

| ISMAEL GUZMÁN LORENZO Y OTROS (YOLANDA LAMPÓN) Recurrente v. OFICINA DEL CONTRALOR DE PUERTO RICO Recurrida | KLRA202400171 | Revisión procedente de la Oficina del Contralor Caso núm.: A-18-02 Sobre: Apelación sobre Retribución y Aumento de Sueldo |
|---|---|---|
| ISMAEL GUZMÁN LORENZO Y OTROS (YOLANDA LAMPÓN) Recurrida v. OFICINA DEL CONTRALOR DE PUERTO RICO Recurrente | KLRA202400192 | Revisión procedente de la Oficina del Contralor Caso núm.: A-18-02 Sobre: Apelación sobre Retribución y Aumento de Sueldo |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Candelaria Rosa y el Juez Marrero Guerrero.

Sánchez Ramos, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 16 de abril de 2024.

En el contexto de un procedimiento adjudicativo administrativo, relacionado con la impugnación por una empleada de su retribución, la Junta de Apelaciones de la Oficina del Contralor (la "Junta") determinó que no existía prueba de discrimen por "razón de género" pero, a la vez, determinó que habían ciertas

---

[1] Los recursos fueron asignados a este panel por virtud de lo dispuesto en la Orden Administrativa OAJP-2021-086, de 4 de noviembre de 2021, sobre Normas para la Asignación de Recursos Nuevos Previamente Presentados en el Tribunal de Apelaciones. Como consecuencia de la referida orden, estos recursos, así como todo recurso futuro que surja del caso de referencia, pendiente ante el Tribunal de Primera Instancia, será atendido por los integrantes de este panel, quienes adjudicaron los correspondientes recursos anteriores (KLRA202200297 y KLRA202200345).

controversias fácticas, sobre una "disparidad en el monto de los salarios", las cuales requerían la celebración de una vista administrativa. Concluimos, como se explica en detalle a continuación, que procede la desestimación de los recursos de referencia, pues, en cuanto a la revisión de decisiones administrativas, este Tribunal únicamente tiene jurisdicción para revisar decisiones finales, y el proceso de referencia no ha culminado aún.

I.

En mayo de 2018, un grupo de veintidós (22) Auditores Senior (los "Querellantes") de la Oficina del Contralor de Puerto Rico (la "Agencia") presentaron una *Apelación* ante la Junta. En síntesis, solicitaron que, retroactivo al 1 de octubre de 2014, se les fijara un salario mensual base de $3,935.00; se les reconocieran los aumentos de sueldo o pasos previamente concedidos; y se pagaran las correspondientes aportaciones patronales a partir de la fecha antes aludida. Explicaron que, debido a la "estrecha brecha" salarial entre la clase de auditor y la clase de auditor senior, la retribución de ellos se vio afectada y existía personal de la clase de auditor que devengaba un salario mayor al de ellos, quienes son auditores senior y los supervisan.

El 12 de julio de 2018, la Junta desestimó, sin perjuicio, la reclamación de los Querellantes, ello por considerar que la misma carecía de "hechos claros y detallados". Luego de que su solicitud de reconsideración no fuese atendida, los Querellantes instaron un recurso de revisión administrativa ante este Tribunal (KLRA201800546). El 22 de enero de 2019, otro Panel de este Tribunal revocó la decisión de la Junta; se razonó que debía proveérsele una oportunidad a los Querellantes de exponer los hechos demostrativos de su reclamación.

Subsiguientemente, el 25 de abril de 2019, veintiún (21) Auditores Senior instaron una *Apelación Enmendada.* El 6 de septiembre de 2019, se presentó una *Segunda Apelación Enmendada.* En esta ocasión, se detallaron los aumentos de cada uno de los Auditores Senior y se señaló a dos (2) auditores senior cuyo salario inicial fue de $3,935.00, tan pronto fueron ascendidos a ese puesto: el Sr. Miguel A. Capeles Santiago, ascendido en octubre de 2014, y el Sr. Raúl Ramos Zayas, ascendido en enero de 2018 (el Sr. Capeles y el Sr. Ramos: los "Dos Empleados"). Para sostener que hubo discrimen por razón de género, se desglosaron los ascensos y aumentos de las auditoras senior y se alegó que, por años, el salario de estas estuvo por debajo del salario de auditores senior de género masculino.

En noviembre de 2019, la Agencia contestó la *Segunda Apelación Enmendada*; insistió en que la misma tampoco exponía los hechos demostrativos de la reclamación. Además, la Agencia negó las alegaciones en su contra y sostuvo que no discriminaba salarialmente. Aseveró que existían razones válidas para las diferencias en salarios y planteó que varias de las auditoras senior devengaban un salario mayor que los auditores de género masculino. La Agencia expuso que las discrepancias de salarios obedecen a un sistema que reconoce la antigüedad, el mérito, los estudios o los adiestramientos de los empleados. Sostuvo que los Querellantes habían dejado de exponer que hubiese alguna infracción de ley o reglamento.

Transcurridos algunos trámites procesales, en abril de 2021, la Agencia interpuso una *Moción en Solicitud de Sentencia Sumaria.* Sostuvo que no existía controversia de hechos esenciales que le impidiese a la Junta concluir que los aumentos obedecían a motivos legítimos y no discriminatorios.

Por su parte, en mayo de 2021, los Querellantes se opusieron a la moción de sentencia sumaria. Arguyeron que había controversia en torno al fundamento o razón para conceder los aumentos detallados por la Agencia. En junio de 2021, la Agencia replicó.

El 6 de mayo de 2022, la Junta notificó una *Resolución Final* mediante la cual desestimó la apelación de referencia, sin perjuicio. La Junta concluyó que no surgía evidencia clara y directa que le permitiera concluir que medió discrimen, abuso de discreción, prejuicio o arbitrariedad en las determinaciones salariales.

En lo pertinente, una de las Querellantes, la Sa. Yolanda Lampón Espinell (la "Empleada"), quien es Auditora Senior en la Agencia, presentó un recurso de revisión judicial (KLRA202200345). Como resultado del mismo, concluimos que la Junta había errado al desestimar la reclamación de la Empleada por la vía sumaria, ello porque el récord no reflejaba "cuál es la razón por la cual la Empleada devenga un sueldo menor al de los Dos Empleados, a pesar de que realizan el mismo trabajo y de que la Empleada tiene más experiencia en el puesto." Razonamos que "la Agencia no acreditó debidamente cuál es su metodología para implantar y aplicar, en este contexto, el principio del mérito, ni en qué consiste el 'sistema' al cual alude." Así pues, devolvimos el asunto a la Junta para "adjudicar[a] en los méritos, luego de la correspondiente vista en su fondo, la reclamación" de la Empleada.

Reanudado el trámite ante la Junta, esta notificó, el 31 de enero de 2024, una *Resolución Parcial Resolviendo Solicitud de Sentencia Sumaria* (el "Dictamen"). Ello como resultado de que, a pesar de lo anteriormente resuelto por este Tribunal, ambas partes insistieron en la resolución sumaria de la controversia. Mediante el Dictamen, la Junta denegó ambas mociones de sentencia sumaria;

además, allí se recogieron unos hechos y documentos estipulados por las partes.

En el Dictamen, la Junta concluyó que "no hemos encontrado que haya discrimen por razón de género". No obstante, la Junta también concluyó que, "de la propia prueba estipulada[,] surge controversia en determinados hechos en cuanto a la razón para una disparidad en el monto de los salarios que debe ser examinada en [una] vista administrativa". Específicamente, la Junta describió la controversia que a su juicio subsistía de la siguiente manera:

> El ascenso al puesto de Auditor Senior y las cantidades de los aumentos de sueldo no están en controversia. La controversia gira en torno a por qué la revisión de escala salarial por difícil reclutamiento en el puesto de Auditor Senior, lo cual arrojó un aumento de $485.00 mensuales, no benefició a la [Empleada] aun cuando contaba con muchos más años de experiencia que los ascendidos.

El 20 de febrero, la Agencia solicitó la reconsideración del Dictamen; la Empleada hizo lo propio el 16 de febrero. Mediante una Resolución notificada el 13 de marzo, la Junta denegó ambas mociones.

La Empleada presentó uno de los recursos que nos ocupa el 2 de abril (KLRA202400171), mientras la Agencia presentó el otro recurso el 12 de abril (KLRA202400192). La Empleada arguye que la Junta erró al concluir que no hubo discrimen por razón de género, pues los "auditores senior varones devengaban un sueldo mayor a pesar de que ella tenía más años de experiencia". Por su parte, la Agencia sostiene que la Junta erró al no desestimar la totalidad de las reclamaciones de la Empleada. Disponemos[2].

## II.

La jurisdicción es la autoridad que tiene el tribunal para atender en los méritos una controversia. *Maldonado v. Junta de*

---

[2] Por la presente, se consolidan los recursos de referencia, pues ambos solicitan la revisión de una misma determinación. A su vez, se deja sin efecto nuestra Resolución de 4 de abril de 2024, emitida en el KLRA202400171.

*Planificación,* 171 DPR 46, 55 (2007).  La jurisdicción no se presume y los tribunales no tienen discreción para asumirla donde no la hay. *Íd.*  Los tribunales debemos ser celosos guardianes de nuestra jurisdicción. *S.L.G. Szendrey-Ramos v. F. Castillo,* 169 DPR 873, 882 (2007).  Los asuntos jurisdiccionales son privilegiados y deben resolverse con preferencia a cualquier otro asunto planteado. *Carattini v. Collazo Systems Analysis, Inc.,* 158 DPR 345, 355 (2003).

Un recurso es prematuro cuando es presentado en el tribunal antes de que dicho foro tenga jurisdicción para atenderlo.  *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 97 (2008), *Pueblo v. Santana Rodríguez,* 148 DPR 400, 402 (1999).  Su presentación no produce efecto jurídico alguno, ya que la falta de jurisdicción es un defecto insubsanable.  *Rodríguez v. Zegarra,* 150 DPR 649, 654 (2000).  Por lo tanto, el tribunal no puede intervenir en un recurso prematuro y deberá desestimar el caso, al concluir que no hay jurisdicción.  Regla 83 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B.

Por su parte, nuestra jurisdicción para atender un recurso de **revisión judicial** se limita, como norma general, a la revisión de una "orden o resolución final de una agencia", luego de que se hayan "agotado todos los remedios provistos por la agencia".  3 LPRA 9672.  Asimismo, la Ley de la Judicatura (Ley 201), dispone en su Artículo 4.006 (c) que este Tribunal revisará mediante el recurso de revisión judicial las decisiones, órdenes y resoluciones finales de organismos o agencias administrativas. 4 LPRA sec. 24y; véase, además, Regla 56 de nuestro Reglamento, 4 LPRA Ap. XXII-B R. 56; *A.R.Pe. v. Coordinadora,* 165 DPR 850, 865-66 (2005).  Esta orden o resolución final debe "incluir y exponer separadamente determinaciones de hecho ... [y] conclusiones de derecho ...".  3 LPRA 9654; *Comisionado*

*Seguros v. Universal*, 167 DPR 21 (2006); véase, además, *Bennett v. Spear*, 520 US 154 (1997).

Así pues, la disposición **final** de la decisión de la agencia es requisito básico y jurisdiccional para que este foro pueda ejercer su función revisora.  Para que una orden o resolución se considere final, la misma debe ser emitida por la última autoridad decisoria de la agencia administrativa y debe poner fin a la controversia ante el organismo, sin dejar asunto pendiente alguno. *Bird Const. Corp. v. A.E.E.,* 152 DPR 928, 935-936 (2000); *J. Exam. Tec. Méd. v. Elías, et al.,* 144 DPR 483 (1997).

Como excepción a la regla de la finalidad, se permite una revisión de una actuación interlocutoria de una agencia cuando esté presente un caso claro de ausencia de jurisdicción de la agencia administrativa.  *Junta Examinadora de Tecnólogos Médicos v. Elías,* 144 DPR 483, 491-492 (1997); *Comisionado Seguros v. Universal*, 167 DPR 21, 30 (2006).  Así pues, ante una "situación clara de falta de jurisdicción", es revisable una resolución interlocutoria de la agencia.  *Comisionado Seguros, supra* (citando a *Junta Examinadora, supra,* y *Procuradora Paciente v. MCS*, 163 DPR 21 (2004)).

### III.

Concluimos que carecemos de jurisdicción para revisar el Dictamen, pues el mismo claramente no es final.  La Junta no ha adjudicado todavía el caso de referencia; es decir, el mismo no ha concluido.

La determinación de la Junta, mediante la cual adelanta un criterio en cuanto a la teoría de discrimen por género propuesta por la Empleada, pero determina que subsiste controversia en cuánto a la razón de ser de su retribución, lo cual requiere una vista evidenciaria, no constituye una determinación que disponga finalmente del trámite de referencia.  Es decir, la apelación de la

Empleada no ha sido resuelta todavía por la Junta. Por lo tanto, no estamos ante un dictamen que haya puesto fin a todas las controversias ante la Junta, sin dejar pendiente una para ser decidida en el futuro.

Tampoco estamos, ni se ha planteado que estemos, ante un caso en que la Junta no tenga jurisdicción sobre el asunto de referencia. Adviértase que la ausencia de jurisdicción que activa la excepción a la aludida regla de finalidad se refiere a la autoridad general para entender en el caso en primera instancia, no a un supuesto error al resolverse un incidente dentro del caso de tal o cual manera.

En virtud de lo anterior, ante el hecho de que no estamos ante una decisión final que adjudique la apelación de la Empleada, y ante el hecho de que la Junta claramente tiene jurisdicción para considerar y adjudicar la misma, procede la desestimación de los recursos de referencia por ausencia de jurisdicción. Por supuesto, una vez la Junta emita una decisión final que disponga de la totalidad de la apelación de la Empleada, cada una de las partes podrá, si así lo estima conveniente, a través de un oportuno recurso de revisión judicial, solicitar ante este Tribunal la revisión de dicha decisión y allí señalar todo error que a su juicio se haya cometido durante el proceso de referencia.

IV.

Por los fundamentos que anteceden, se desestiman los presentes recurso por falta de jurisdicción.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones